UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMARA S. K., | |
|        Petitioner, | Case No. 4:20-cv-00043-CWD |
|   v. | **MEMORANDUM DECISION AND ORDER** |
| ANDREW SAUL, Commissioner of Social Security Administration, | |
|        Respondent. | |

## INTRODUCTION

Currently pending before the Court for its consideration is Tamara K's Petition for Review of the Respondent's denial of social security benefits, filed on January 29, 2020. (Dkt. 1.) The Court has reviewed the Petition for Review, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed a Title II application for a period of disability and disability insurance benefits on December 21, 2016, claiming disability beginning November 28, 2016. Petitioner was diagnosed with breast cancer in November of 2016, and thereafter underwent chemotherapy, a double mastectomy in July of 2017, and radiation therapy beginning in September of 2017. (AR 155.) Petitioner's application for disability was denied initially and on reconsideration, and a hearing was conducted on August 8, 2018, before Administrative Law Judge (ALJ) Stephen Marchioro. After considering testimony from Petitioner and a vocational expert, ALJ Marchioro issued a decision on November 8, 2018, finding Petitioner retained the residual functional capacity to perform her past relevant work as a cosmetologist, and was therefore not disabled. Petitioner timely requested review by the Appeals Council, which denied her request for review on November 27, 2019.

Petitioner timely appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was sixty years of age. She completed high school and cosmetology school. Her prior work experience includes work as a cosmetologist and seasonal work assembling irrigation pivots.

MEMORANDUM DECISION AND ORDER - 2

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**DISCUSSION**

The following two issues are raised on appeal:

1.    Did the ALJ reasonably evaluate Petitioner's subjective complaints concerning her symptoms?

2.    Did the ALJ properly evaluate the opinion of Nurse Practitioner Rachelle Jones?[1]

The ALJ found Petitioner had the following severe impairments: "breast cancer status post chemotherapy, radiation and bilateral mastectomy." (AR 152.) Petitioner claimed disability due to pain in her right arm, feeling sick, and having a compromised immune system. (AR 155.) Petitioner argues that the ALJ did not offer specific, clear and convincing reasons supported by substantial evidence in the record to reject Petitioner's complaints of disabling symptoms.[2] Relatedly, Petitioner argues the ALJ improperly rejected the opinions of Petitioner's treating provider, F.N.P. Rachelle Jones, who was of the opinion Petitioner could not lift with her bilateral upper extremities and could not sustain full-time employment.

---

[1] The Court discusses the ALJ's evaluation of Petitioner's symptom testimony first, since the discussion of her subjective complaints provides context for the discussion of NP Jones' opinion testimony.

[2] Respondent contends that the "clear and convincing" standard is inconsistent with the deferential "substantial evidence" standard of 42 U.S.C. § 405(g). Resp.'s Brief at 10 n. 5. This argument has been repeatedly raised before the Court. Recently, the United States Court of Appeals for the Ninth Circuit explained in *Lambert v. Saul*, No. 19-17102, slip. op. at 23 (9th Cir. Nov. 17, 2020), that an ALJ must offer clear and convincing reasons, not mere "non-specific conclusions," and identify "which testimony [the ALJ] found not credible, and [explain] which evidence contradicted that testimony." *Id.* at 23 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). This is so the Court can meaningfully review the ALJ's decision. *Id.* at 22. In turn, the reasons for rejecting a claimant's testimony about her symptoms must be supported by "substantial evidence in the record as a whole." 42 U.S.C. § 405(g). In other words, the Court should be able to review the portions of the record cited in support of the ALJ's reasons, and determine whether the evidence is sufficient to support them. The Court finds no inconsistency.

The Court has reviewed the record and finds that, although there is evidence supporting Petitioner's claims, the ALJ articulated clear and convincing reasons supported by substantial evidence for finding Petitioner's symptom testimony in conflict with the record. The Court finds also that the ALJ did not commit error in weighing the opinion evidence. Although there may be some support for Petitioner's interpretation of the evidence, the Court may not substitute its judgment for that of the Commissioner. *Verduzco*, 188 F.3d at 1089. The Court's findings are further explained below.

## 1.   Subjective Symptom Testimony

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014); 20 C.F.R. § 404.1529 (Mar. 27, 2017)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may discredit the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo v.*

*Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). It is "not sufficient for the ALJ to make only general findings; he [or she] must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 345, at 345-46 (9th Cir. 1991)).

When evaluating the intensity and persistence of symptoms, the ALJ must consider all the evidence in the record. *See* SSR 16-3p (March 16, 2016), 2016 WL 1119029 at *1-2.[3] The ALJ is directed to examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id*. at *4.

The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods

---

[3] The Commissioner superseded SSR 96-7p governing the assessment of a claimant's "credibility" with SSR 16-3p, which eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to evaluate the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 679 n.5 (9th Cir. 2017).

**MEMORANDUM DECISION AND ORDER - 6**

used to alleviate symptoms; (2) medical source opinions, statements, and medical reports

regarding the claimant's history, treatment, responses to treatment, prior work record,

efforts to work, daily activities, and other information concerning the intensity,

persistence, and limiting effects of an individual's symptoms; and (3) non-medical source

statements, considering how consistent those statements are with the claimant's

statements about his or her symptoms and other evidence in the file. *See id*. at *6-7.

The ALJ's decision may be upheld even if not all the ALJ's reasons for

discrediting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Security*

*Admin*., 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make an

adverse finding "solely because" the claimant's symptom testimony "is not substantiated

affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin*., 466 F.3d 880,

883 (9th Cir. 2006). Rather, an ALJ may consider the lack of corroborating objective

medical evidence as one factor in "determining the severity of the claimant's pain" or

other symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). But the ALJ

may not reject subjective pain or other symptom testimony merely because it was not

fully corroborated by objective medical evidence. *Robbins*, 466 F.3d at 883.

Here, the ALJ found that, while Petitioner's impairments could reasonably be

expected to cause the symptoms alleged, her statements concerning the intensity,

persistence and limiting effects of her symptoms were not entirely consistent with the

medical evidence and other evidence in the record. (AR 156 - 57.) In discounting

Petitioner's symptom testimony, the ALJ provided three reasons: (1) positive response to

treatment; (2) inconsistency with objective medical evidence; and, (3) inconsistency with

**MEMORANDUM DECISION AND ORDER - 7**

Petitioner's activities of daily living. The Court concludes the ALJ's reasons are specific, clear and convincing, as explained below.

The ALJ's first two reasons are related, as they both rely upon the medical evidence of record. Medical evidence of record is a relevant factor in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). Petitioner testified at the hearing before the ALJ that her cancer was in remission. (AR 179.) The ALJ noted the same in his written determination, indicating that the record revealed Petitioner responded well to chemotherapy and had recovered from her mastectomy without complication. (AR 157.) The ALJ provided a lengthy recitation of the record supporting his conclusion that the medical evidence contradicted Petitioner's testimony. (AR 155 – 56.) For instance, the ALJ observed that Petitioner's physical examinations were "consistently unremarkable, demonstrating intact strength and coordination." (AR 157.) The ALJ discussed in detail the medical evidence supporting his conclusion, which included consistent reports of improvement following treatment, and improvement of symptoms of fatigue and achiness over time. (AR 156.)

The Court's independent review of the record confirms that Petitioner had normal examination results post chemotherapy and radiation; reported feeling well; and that her symptoms of fatigue improved over time. (AR 105, 616, 638, 618, 688, 692, 693, 694.) On this record, the Court finds the ALJ reasonably concluded that, while the objective medical evidence revealed Petitioner suffered from pain and fatigue because of breast cancer treatment, her symptoms during the period prior to December 31, 2017, Petitioner's last date insured, were not as limiting as Petitioner reported.

**MEMORANDUM DECISION AND ORDER - 8**

Next, testimony inconsistent with a claimant's daily activities is a clear and convincing reason to discount subjective symptom testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). *See also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). (The ALJ may consider a claimant's activities that undermine reported symptoms). Petitioner alleged she was unable to work because of her conditions, yet the ALJ found she was capable of exercising, helping her husband work on the farm, able to perform activities of daily living, and travel to Arizona for the winter months. She testified at the hearing that she assisted her husband by "help[ing] him move pipe," (AR 175),[4] and she was able to fly to Arizona to spend the winter months. (AR 176.) Examination notes indicate that her treating provider recommended a two-week period of rest, with a return to normal activity after breast reconstruction surgery. (AR 629.) The ALJ discussed Petitioner's activities, including that she reported feeling well aside from mild fatigue. (AR 155, 156.)

While a different conclusion could be reached, the ALJ's conclusion that the medical evidence of record and Petitioner's activities were inconsistent with her reported disabling symptoms is rational and supported by substantial evidence in the record. The Court therefore finds the ALJ provided clear and convincing reasons to discount the disabling symptoms claimed by Petitioner.

---

[4] Later during the hearing, Petitioner denied having assisted her husband, testifying that she traveled to Montana "to watch him on his job…I did not work." (AR 195.)

2.      **Opinion Testimony of F.N.P. Rachelle Jones**

On February 9, 2018, F.N.P. Jones completed a residual functional capacity

questionnaire regarding Petitioner's physical abilities. (AR 782 - 784.)[5] Jones indicated

Petitioner's diagnosis of breast cancer on November 28, 2016, which resulted in a double

mastectomy, caused physical pain and resulted in limited mobility of Petitioner's right

arm, which symptoms would "constantly" interfere with attention and concentration

necessary to perform simple work-related tasks. Jones opined Petitioner could not walk

more than one-half block without pain, could sit for no more than 60 minutes at one time

and stand/walk for no more than 15 minutes at one time, and that she "can't work due to

R arm pain and decreased mobility." (AR 782.) Nonetheless, Jones also indicated that

Petitioner could sit for up to 8 hours and stand/walk for 3 hours during an 8-hour

workday. As for upper extremity limitations, Jones opined that Petitioner "can't lift" and

has limitations in doing repetitive reaching, handling or fingering because of her right

arm pain. (AR 783.) In Jones' opinion, Petitioner would be absent from work more than

four times each month. (AR 783.)

The ALJ accorded "little weight" to Jones' opinions, noting the following: (1) the

limitations are extreme and inconsistent with the overall longitudinal medical record; (2)

the inconsistency between the opinions and Petitioner's activities; and (3) the

---

[5] Jones completed also a residual functional capacity questionnaire regarding Petitioner's mental impairments dated the same day. (AR 779 – 781.) Petitioner did not challenge the ALJ's assessment of her mental impairments, and therefore has waived any challenge to the same. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("[W]e ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief.").

**MEMORANDUM DECISION AND ORDER - 10**

inconsistency between the opinions and the physical assessments given by Petitioner's other treatment providers. (AR 156, 157.) Petitioner disagrees, arguing that the ALJ failed to consider all of the factors set forth in 20 C.F.R. § 404.1527(c)(1) – (6), and that the medical evidence of record does not support the ALJ's conclusions.

An ALJ may reject the uncontradicted opinion of a treating or examining physician by giving "clear and convincing" reasons for doing so. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining physician's opinion is contradicted by another physician's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *See id*. The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

However, "only physicians and certain other qualified specialists are considered '[a]ccepted medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). Nurse practitioners such as Jones are not considered to be an acceptable medical source under the applicable regulations. *See* 20 C.F.R. §

404.1513(a).[6] The ALJ may evaluate opinions of non-accepted medical sources using the same factors applied to evaluate medical opinions of accepted medical sources; still, the ALJ may give less weight to the opinions of non-accepted medical sources than to those of accepted medical sources. *See* SSR 06-03p, available at 2006 WL 2329939, at *5. Accordingly, the ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Loop v. Colvin*, 651 F. App'x 694, 696 (9th Cir. 2016).

With respect to Petitioner's first assignment of error, the ALJ is not required to consider each of the six factors set forth in 20 C.F.R. § 404.1527(c) when considering opinion evidence from providers who are not acceptable medical sources. 20 C.F.R. § 404.1527(f)(1).[7] *See also Harris v. Colvin*, 584 Fed. Appx. 526, 528 n.1 (9th Cir. 2014) (agency was not required to specifically reference each factor listed in 20 C.F.R. § 404.1527(c), citing SSR 06-03p, 2006 WL 2329939, at *5.)

---

[6] Although the regulations governing the evaluation of medical evidence were recently amended, the Court refers to the version effective September 3, 2013, to March 26, 2017. *See* 20 C.F.R. §§ 404.1527, 404.1520c. For claims filed before March 27, 2017, nurse practitioners are not considered to be an "acceptable medical source." 20 C.F.R. § 404.1502(a)(7). Petitioner filed her application before the effective date of March 27, 2017, such that the revised regulations do not apply.

[7] The six factors, which apply to medical opinions from acceptable medical sources and which are evaluated for claims filed before March 27, 2017, include: the examining relationship; treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. § 404.1527(c)(1) – (6) *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Although the same factors may be considered when evaluating opinion evidence rendered by a non-acceptable medical source, "not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source or from a nonmedical source depends on the particular facts in each case." 20 C.F.R. § 404.1527(f)(1).

**MEMORANDUM DECISION AND ORDER - 12**

Here, the Court finds the ALJ's reasons for discounting F.N.P. Jones' opinions and giving them only "little weight" are sufficiently specific and germane, and are supported by substantial evidence.[8] Inconsistency with treatment records is a germane reason to reject a medical opinion. *Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation*.[9]) The ALJ engaged in a lengthy discussion of the medical evidence of record, as discussed above. (AR 155 – 156.) He noted that Petitioner responded well to chemotherapy and radiation treatment, and her cancer was determined to be in remission after treatment concluded. (AR 156.)

The ALJ noted the stark contrast between Petitioner's reports to her oncology provider and results of physical examinations, which were generally normal, with Jones' assessment of Petitioner's physical capabilities. (AR 156, 157.) The ALJ highlighted the fact that, while Petitioner at times complained of fatigue, her examination results indicated normal strength, which is at odds with Jones' opinion that she was unable to lift. (AR 157.) Similarly, the ALJ noted that there was no indication in the medical record that Petitioner had difficulty walking more than half a block without pain or fatigue, or that she had difficulty standing. (AR 157.)

---

[8] To the extent Petitioner contends that the "specific and legitimate" standard applies, the Court rejects Petitioner's argument.

[9] *See* note 6, *supra*.

**MEMORANDUM DECISION AND ORDER - 13**

The Court finds the ALJ did not err by relying upon Petitioner's own progress and treatment notes, which the ALJ reasonably interpreted did not support Jones' assessment of extreme limitations.

## CONCLUSION

In essence, Petitioner argues the ALJ could have come to a different conclusion had the ALJ interpreted the evidence differently. However, the Court must affirm the ALJ's findings if they are supported by substantial evidence and the ALJ's decision was free of legal error. 42 U.S.C. § 405(g). *see also Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Berryhill*, 400 F.3d at 679. Based on the above, the Court finds the ALJ did not commit error and that his determination Petitioner is not disabled is supported by substantial evidence.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED THAT:**

The Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the petition for review is **DISMISSED**.

DATED: March 3, 2021

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**